# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-cv-777-TS-PMW<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Susan Catlin's ("Plaintiff") motion to consolidate.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written submissions. *See* DUCivR 7-1(f).

At the outset, the court notes that Plaintiff has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[3] Accordingly, and in addition to the motion referenced above, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] *See* docket no. 4.

[2] *See* docket no. 10.

[3] *See* docket nos. 1, 2.

The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

### I. Plaintiff's 2008 Case

On May 6, 2008, in a case separate from the instant case, Plaintiff filed suit in this district against the Salt Lake City School District ("SLCSD"); McKell Withers, Superintendent of Schools of SLCSD; the Utah School Employees Association ("USEA"); Roger Pate ("Pate"), President of USEA; Geoffrey W. Leonard, USEA Staff Attorney ("Leonard"); and David Holdsworth ("Holdsworth") (collectively, "2008 Defendants").[4] Plaintiff brought that case ("2008 Case") based on a right-to-sue notice she received from the Equal Employment Opportunity Commission ("EEOC") in February 2008.[5] In the 2008 Case, Plaintiff alleges causes of action under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and 42 U.S.C. §§ 1983 and 1985.[6]

In support of her claims in the 2008 Case, Plaintiff alleges that she is employed by SLCSD in an auxiliary staff position and that, in approximately May 2004, the SLCSD changed

---

[4] *See Catlin v. Salt Lake City Sch. Dist.*, 2:08-cv-362-CW-PMW, docket no. 1.

[5] *See id.* at docket nos. 1-2.

[6] *See id.*

its pay scale for auxiliary staff. According to Plaintiff, that change was made in order to resolve the wage disparity between white employees and employees of other races. Plaintiff alleges that this change constituted reverse race discrimination and was not made in accordance with SLCSD policies and procedures. Plaintiff also alleges that the new pay scale constitutes age and sex discrimination because it discriminates against women over the age of forty. After the effective date of the change in pay in 2005, Plaintiff filed an internal grievance with the SLCSD. Plaintiff alleges that as a result of filing her grievance, the SLCSD further discriminated against her by reducing her hours in an attempt to make her ineligible for health insurance. In approximately February 2007, Plaintiff filed various discrimination charges with the EEOC and, as indicated above, received a right-to-sue notice from the EEOC in February 2008.

The 2008 Case was initially assigned to Judge Stewart,[7] but in November 2008, it was reassigned to District Judge Clark Waddoups.[8] In January 2009, Judge Waddoups granted motions to dismiss brought by both Pate and Holdsworth, and those parties were dismissed from the 2008 Case.[9] Soon thereafter, Judge Waddoups referred the 2008 Case to this court pursuant to 28 U.S.C. § 636(b)(1)(B).[10] In September 2009, this court issued a report and recommendation ("R&R") in the 2008 Case.[11] In the R&R, this court recommended, among

---

[7] *See id.* at docket no. 1.

[8] *See id.* at docket no. 30.

[9] *See id.* at docket no. 41.

[10] *See id.* at docket no. 42.

[11] *See id.* at docket no. 86.

other things, that the court grant a motion for judgment on the pleadings brought by USEA and Leonard.[12] Also in September 2009, Judge Waddoups issued an order in the 2008 Case denying several motions brought by Plaintiff asking the court to reconsider prior rulings and to provide further explanation and clarification of prior court orders.[13]

From September 2009 through December 2009, the court resolved multiple motions filed by Plaintiff in the 2008 Case, many of which were objections to or sought reconsideration of prior court rulings.[14] Plaintiff also sought, and received, multiple extensions of time to file objections to the R&R.[15]

In December 2009, Plaintiff filed a motion to appoint *pro bono* counsel in the 2008 Case, along with another motion seeking an extension of time to file objections to the R&R.[16] On December 30, 2009, Judge Waddoups granted Plaintiff's motion to appoint *pro bono* counsel.[17] Judge Waddoups also granted Plaintiff's motion for an extension to time to file objections to the R&R so that Plaintiff could consult with counsel on that issue.[18] At the same time, Judge Waddoups indicated that Plaintiff's *pro bono* counsel could move to withdraw if counsel

---

[12] *See id*.

[13] *See id*. at docket no. 87.

[14] *See id*. at docket nos. 89-90, 92, 96, 109.

[15] *See id*. at docket nos. 88, 95, 97, 102, 107, 111.

[16] *See* docket nos. 113, 115.

[17] *See* docket no. 117.

[18] *See id*.

4

determined that Plaintiff's claims were without merit or that Plaintiff was unwilling to follow the advice of counsel.[19]

On May 6, 2010, Plaintiff filed a motion to have her *pro bono* counsel removed and requesting that new *pro bono* counsel be appointed.[20] On May 10, 2010, Plaintiff's *pro bono* counsel responded to the motion and consented to removal.[21] On June 28, 2010, Plaintiff filed a motion for an extension of time to file objections to the R&R pending the resolution of her motion concerning counsel.[22] On June 30, 2010, Judge Waddoups held a hearing on Plaintiff's motions.[23] Judge Waddoups granted Plaintiff's motion to have her *pro bono* counsel removed, denied her request for appointment of new *pro bono* counsel, and granted her motion for an extension of time by setting a deadline of July 30, 2010, for Plaintiff to file objections to the R&R.[24]

On July 12, 2010, rather than filing objections to the R&R, Plaintiff filed a motion for leave to amend her complaint.[25] On July 22, 2010, Plaintiff filed another motion for an extension

---

[19] *See id*.

[20] *See id*. at docket no. 120.

[21] *See id*. at docket no. 121.

[22] *See id*. at docket no. 129.

[23] *See id*. at docket no. 131.

[24] *See id*. at docket nos. 130-131.

[25] *See id*. at docket no. 132.

of time to file objections to the R&R.[26] On July 28, 2010, the court granted Plaintiff's motion for an extension of time and indicated that it would set a deadline for Plaintiff's objections to the R&R after resolving her motion for leave to amend her complaint.[27] On August 23, 2010, Plaintiff filed a motion seeking an extension of time to submit a rough draft of her proposed amended complaint.[28]

On October 13, 2010, Judge Waddoups issued a memorandum decision and order denying Plaintiff's motion for leave to amend her complaint.[29] In relevant part, that order states:

> For the following reasons, the court has determined that Plaintiff will not be allowed leave to amend her complaint. First, the court concludes that there has been undue delay in bringing the motion. Plaintiff's original complaint was filed over two years ago, on May 6, 2008. This case has progressed significantly since that date. Several of the named defendants have already been dismissed, and the Magistrate Judge to whom this case has been referred issued a Report and Recommendation over one year ago recommending that a motion for judgment on the pleadings brought by several other defendants be granted. Allowing Plaintiff to amend her complaint at this stage of the case would disrupt all of those proceedings. In addition, Plaintiff's proposed amendment is not based on some new factual development. To the contrary, it appears that Plaintiff was well aware of the facts underlying her proposed amendment at the outset of this case. *See* [*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)].
>
> Second, the court concludes that allowing Plaintiff to amend at this stage of the case would cause undue prejudice to the

---

[26] *See id.* at docket no. 134.

[27] *See id.* at docket no. 136.

[28] *See id.* at docket no. 137.

[29] *See id.* at docket no. 140.

opposing parties. As indicated above, several defendants have already been dismissed from the case, and there is a pending recommendation that several other defendants be dismissed. Those defendants have expended significant time and resources defending against Plaintiff's complaint. Requiring them to relitigate their defenses, after already having done so, would impose undue prejudice.

Finally, the court has determined that Plaintiff "is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal." [*Minter v. Prime Equip. Co.*, 451 F.3d, 1196, 1206 (10th Cir. 2006)] (quotations and citations omitted). As previously noted, Plaintiff was well aware of the relevant facts at the outset of this case. As such, all of the claims Plaintiff seeks to bring in her proposed amendment appear to be claims that she could have asserted, or sought leave to assert, long ago. Further, as previously indicated, the claims in Plaintiff's proposed amendment are not based on new factual developments. Instead, Plaintiff appears to be attempting to now assert those claims as a reaction to pleadings from opposing parties or court rulings.[30]

Based on that ruling, Judge Waddoups concluded that Plaintiff's motion for an extension of time to submit a rough draft of her proposed amended complaint had been rendered moot.[31] Judge Waddoups also granted Plaintiff's motion for an extension of time to respond to the R&R, but stated that

Plaintiff must file said objections on or before October 29, 2010. Given the amount of time that the [R&R] has been pending, as well as the numerous extensions of time the court has provided to Plaintiff, the court will not provide any further extensions of that deadline.

---

[30] *Id.* at docket no. 140 (footnotes omitted) (second alteration in original).

[31] *See id.*

7

As a final matter, the court notes that while Plaintiff has been given liberal treatment as a pro se litigant, that "liberal treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). This court has been more than lenient with Plaintiff throughout this case, including the provision of repeated time extensions and an attempt by the court to appoint pro bono counsel to assist her. While the court will continue to construe Plaintiff's pleadings and other submissions liberally, she will be expected to comply strictly with the requirements of the Federal Rules of Civil Procedure and this court's Rules of Practice. *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotations and citations omitted)).[32]

## II. Instant Case

On September 2, 2009, while the 2008 Case was progressing, Plaintiff's complaint in this case was filed, which alleges claims against all of the 2008 Defendants, with the exception of Pate.[33] Plaintiff has also named as defendants Lisbeth Stratham ("Stratham"), Assistant Director of Human Resources for SLCSD; and Sandra Buendia ("Buendia"), Principal of Jackson Elementary School, which is apparently a school within SLCSD.[34] As she did in the 2008 Case, it appears that Plaintiff is alleging causes of action in this case under the ADEA, Title VII, the ADA, and 42 U.S.C. §§ 1983 and 1985.[35] Plaintiff also asserts causes of action in this case for

---

[32] *Id.* (footnotes omitted).

[33] *See* docket no. 3.

[34] *See id.*

[35] *See id.*

8

"Breach of Contract/Fraud and Deceit" and "Defamation of Character."[36] Plaintiff asserts that she brought the instant case based a second right-to-sue notice she received from the EEOC in April 2009.[37]

In support of her claims in this case, Plaintiff relies on the same basic set of operative facts she alleged in support of her claims in the 2008 Case.[38] While it appears that Plaintiff has alleged facts that may post-date the filing of the 2008 Case, all of those facts are related to and flow from the operative facts alleged in the 2008 Case. Plaintiff's allegations against the parties not included in the 2008 Case, Stratham and Buendia, focus almost exclusively on events that pre-date the filing of the 2008 Case.

On July 12, 2010, which is the same date that Plaintiff filed her motion for leave to amend the complaint in the 2008 Case, Plaintiff filed a motion to consolidate in this case.[39] In that motion, Plaintiff seeks to have this case consolidated with the 2008 Case. Plaintiff asserts that the two cases involve "the same claims and the same defendents [sic]" and that the two new defendants have been added to the instant case "due to the continuing adverse action."[40] Plaintiff also contends that the two cases "arise from the same events and incidents" and that the "same

---

[36] *Id*.

[37] *See id*.

[38] *See id*.

[39] *See* docket no. 10.

[40] *Id*. at 1.

question of law and facts are being claimed."[41]  In her memorandum in support of her motion to consolidate, Plaintiff asserts that "the two case[s] are one in [sic] the same" and that the events underlying the 2008 Case are "continuing into" the instant case.[42]

## ANALYSIS

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay*, 500 F.3d at 1217-18.  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Id*. at 1218 (quotations and citation omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

---

[41]  *Id*.

[42]  Docket no. 11 at 1.

10

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

Even when the court liberally construes Plaintiff's pleadings, the court concludes that Plaintiff's motion to consolidate should be denied and that her complaint in the instant case should be dismissed. Although Plaintiff has named additional parties in this case that were not included in the 2008 Case, Plaintiff could have either named those additional parties in the 2008 Case when it was filed or sought to include those parties in the 2008 Case long ago. Indeed, Plaintiff's allegations against the parties not included in the 2008 Case, Stratham and Buendia, focus almost exclusively on events that pre-date the filing of the 2008 Case. In addition, while Plaintiff has included some factual allegations that post-date the filing of the 2008 Case, those allegations do not provide the basis for any new causes of action that were not included in the 2008 Case. To the extent that Plaintiff has included any new causes of action in this case that were not included in the 2008 Case, she has had ample time to seek leave to include those causes of action in the 2008 Case.

By Plaintiff's own admissions, this case and the 2008 Case appear to be one and the same. In such situations, "there is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (quotations and citation omitted). "It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Id*. at 990 (quotations and citation omitted). Allowing Plaintiff to file this case and consolidate it with the 2008 Case, after the 2008 case has made significant progress, would essentially serve as an end-run around the requirements for obtaining leave to amend the complaint in the 2008 Case. *See id*. at 989-90 (stating that "the fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts" and that "the court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints" (quotations and citations omitted)). Notably, at the same time she filed her motion to consolidate in this case, Plaintiff filed her motion for leave to amend the complaint in the 2008 Case. As indicated above, that motion for leave to amend the complaint in the 2008 Case was recently denied by Judge Waddoups. Allowing Plaintiff to pursue her requested course of action in this case would be directly contrary to that ruling.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to consolidate[43] be **DENIED** and that this case be **DISMISSED** under the authority of the IFP statute for failure to state claims upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of October, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[43] See docket no. 10.