# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE CITY SCHOOL DISTRICT, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:09-cv-777-TS-PMW <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Paul M. Warner |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Susan Catlin's ("Plaintiff") "Motion to Take Leave of Court to Amend Complaint or Re-Evaluate the Report and Recommendation"[2] and motion for an extension of time to file objections to the Report and Recommendation this court issued on October 21, 2010 ("R&R").[3]

The court first addresses Plaintiff's motion to reevaluate or reconsider the R&R.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is

---

[1] *See* docket no. 4.

[2] Docket no. 21.

[3] *See* docket no. 23.

> appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The court concludes that Plaintiff has not met her burden on any of these grounds. Accordingly, Plaintiff's motion to reconsider the R&R is **DENIED**.

The court now turns to Plaintiff's motion for leave to amend her complaint, which is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, even under this liberal standard, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

In the R&R, this court recommended that Plaintiff's case be dismissed. Plaintiff's motion for leave to amend has failed to persuade the court that it should alter that recommendation. Put another way, even if the court were to allow Plaintiff to amend her complaint as she describes, this court would still recommend that this case be dismissed. Consequently, providing Plaintiff with leave to amend would be futile. *See id*. Accordingly, Plaintiff's motion for leave to amend her complaint is **DENIED WITHOUT PREJUDICE**. If Plaintiff disagrees with that ruling, she may request that the assigned district judge consider her proposed amended complaint along with any objections to the R&R. In order to do so, Plaintiff must file her objections to the R&R and include in those objections a specific request that the assigned district judge consider her

proposed amended complaint. If Plaintiff makes such a request, she must also submit her proposed amended complaint along with her objections to the R&R.

Finally, the court addresses Plaintiff's motion for an extension of time to file objections to the R&R. Plaintiff's motion is **GRANTED**. Plaintiff shall have up to and including January 10, 2011, to file any objections to the R&R.

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reevaluate or reconsider the R&R[4] is **DENIED**.

2. Plaintiff's motion for leave to amend her complaint[5] is **DENIED WITHOUT PREJUDICE**, as described above.

3. Plaintiff's motion for an extension of time to file objections to the R&R[6] is **GRANTED**. Plaintiff shall have up to and including January 10, 2011, to file any objections to the R&R.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 21.

[5] *See id*.

[6] *See* docket no. 23.