IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION<br><br>Case No. 2:09-CV-777 TS |

This matter is before the Court on Plaintiff Susan Catlin's Objection to the Magistrate Judge's Report and Recommendation issued October 21, 2010.[1] The Magistrate Judge has recommended that this case be dismissed. Plaintiff has objected to the Report and Recommendation. For the reasons discussed below, the Court will overrule Plaintiff's Objection and dismiss this case. As a result, the remaining issues concerning consolidation, Plaintiff's filing status, and Plaintiff's request to Amend her complaint are moot.

---

[1]Docket No. 12.

1

## I. STANDARD OF REVIEW

Plaintiff has objected to the Magistrate Judge's Report and Recommendation, therefore the Court reviews the Report and Recommendation *de novo*.[2]

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ." "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[3]

## II. BACKGROUND

A.     PLAINTIFF'S 2008 CASE

Plaintiff filed an action in this Court on May 6, 2008. Plaintiff's 2008 Complaint focuses on her allegations that the Salt Lake City School District change in pay scale for auxiliary staff was discriminatory. Plaintiff alleges that this change in pay scale constituted reverse race discrimination, as well as age and sex discrimination. Various proceedings have take place in Plaintiff's 2008 case, including the dismissal of two defendants and a Report and Recommendation recommending the granting of a motion for judgment on the pleadings brought by two other defendants.

B.     THE INSTANT CASE

On September 2, 2009, Plaintiff's Complaint in the instant case was filed. Plaintiff's Complaint in this matter is largely repetitive of her claims in the 2008 case and has been brought

---

[2] 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

[3] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

against many of the same Defendants.  However, there are two claims in this case that are not contained in the 2008 case.  First, Plaintiff alleges that she was retaliated against by the Salt Lake City School District when they threatened to take away her health insurance.  Second, Plaintiff alleges that she was retaliated against when her position was removed and she was demoted.

Plaintiff was allowed to proceed *in forma pauperis* ("IFP") in this matter and this case was referred to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Warner screened Plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Prior to completing the screening of her Complaint in the instant matter, Plaintiff filed a Motion to Consolidate, seeking to consolidate this action with her 2008 case.

On October 21, 2010, Magistrate Judge Warner issued his Report and Recommendation that is the subject of this Order.  In his Report and Recommendation, the Magistrate Judge recommended that Plaintiff's Motion to Consolidate be denied and this case be dismissed.  The Magistrate Judge's reasoning was that the allegations in the 2008 case and this case are largely the same and that by filing this case, Plaintiff was attempting to avoid the requirements of seeking leave to amend her complaint in the 2008 case.

Since the filing of the Report and Recommendation, Plaintiff has filed a number of Motions.  First, Plaintiff filed a Motion to Change Filing Status.  Plaintiff sought to change her filing status from IFP to paid.  The Magistrate Judge, however, denied that request, because changing her filing status would alter the Report and Recommendation.  Plaintiff has objected to that decision.  Second, Plaintiff has filed a Motion to Amend her Complaint.  The Magistrate Judge denied her Motion without prejudice, allowing renewal of that Motion before this Court,

which Plaintiff has done. Finally, Plaintiff sought and received a number of extensions to object to the Report and Recommendation. Plaintiff has now filed her Objection to the Magistrate Judge's Report and Recommendation. Therefore, all of these matters are ripe for decision.

### III. DISCUSSION

Because Plaintiff was granted permission to proceed *in forma pauperis*, the provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915, are applicable. Under § 1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint fails to state a claim upon which relief may be granted.

In considering whether a Complaint fails to state a claim upon which relief may be granted, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess

---

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6]*GFF Corp.*, 130 F.3d at 1384.

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9] "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10] This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11]

As set forth above, Plaintiff's claims in the instant action, save two, are largely the same as those at issue in Plaintiff's 2008 case. The critical question for this Court is whether Plaintiff should be allowed to bring these new claims as part of a separate action or whether she should be required to seek amendment of her Complaint in the 2008 action. Plaintiff argues that she should be allowed to proceed with her claims in the instant action because she only recently received a Right to Sue letter with respect to her new claims. The Court disagrees, finding that the proper

---

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[10]*Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991).

[11]*Id.*

5

procedure for Plaintiff is not to file a new action, but to seek leave to amend her complaint in the 2008 case.

"It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'"[12] "In particular, 'the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'"[13]

Under the common-law rule against claim-splitting, a plaintiff is obligated "to bring all related claims together in the same action."[14] "The rule often works as a type of res judicata because it precludes a plaintiff from filing related claims against a defendant in different courts."[15]

> Critically, that doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant whenever during the course of the litigation related claims mature and are able to be maintained. Thus, even if an additional claim does not mature until well after the initial complaint has been filed, the plaintiff nevertheless must seek to amend the complaint to add additional claims as a compulsory claim when the additional claim can be brought.[16]

---

[12]*Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)).

[13]*Id.* (quoting *Walton*, 563 F.2d at 71).

[14]*Stone v. Dept. of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006).

[15]*Wolf Mountain Resorts, L.C. v. ASC Utah, Inc.*, 2010 WL 2639914, *5 (D. Utah June 29, 2010).

[16]*Stone*, 453 F.3d at 1278.

The Tenth Circuit "repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'"[17]

As stated, Plaintiff in the instant action seeks to bring new claims that arise out of the same employment relationship at issue in the 2008 case. Under the rule against claim-splitting, Plaintiff is required to bring all of these related claims in a single action. This is true even when, as here, the claim does not mature until after the initial complaint has been filed. In such a situation, the proper procedure is to seek leave to amend, rather than filing a new action.

This view is supported by the Tenth Circuit's decision in *Wilkes*, where the court upheld the dismissal of an action on the basis of claim preclusion. In that case, as here, the plaintiff filed suit on certain claims (Equal Pay Act and 42 U.S.C. § 1983) and later received a Right to Sue letter on another claim (Title VII).[18] The plaintiff's initial suit was settled and she then attempted to bring a second suit under Title VII based on the Right to Sue letter. The district court dismissed the second action based on claim preclusion and the Tenth Circuit affirmed.[19] In that case, the plaintiff made the precise argument that Plaintiff makes here: that her case should not be barred because she could not bring her suit until she received a Right to Sue letter.[20] The Tenth Circuit rejected this argument, noting that the plaintiff, after receiving her Right to Sue

---

[17]*Wilkes v. Wyo. Dept. of Employment*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)).

[18]*Id*. at 503.

[19]*Id*.

[20]*Id*. at 505.

letter, "could have added her Title VII claim to her initial lawsuit by amending her complaint pursuant to Federal Rule of Civil Procedure 15."[21]

Plaintiff must follow the same procedure here. The rule against claim-splitting prohibits Plaintiff from filing duplicative complaints in an effort to circumvent the rules relating to the amended of complaints. Therefore, the Court will dismiss this action and Plaintiff is directed to seek leave to amend her Complaint in the 2008 case. While the Court is directing Plaintiff to do so, the Court expresses no opinion as to whether leave should be ultimately be granted.

## IV. CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 12) is ADOPTED as set forth above. It is further

ORDERED that Plaintiff's pending motions and objections (Docket Nos. 10, 25, 27, and 32) are DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED March 16, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21]*Id*. at 506.