IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY SCHOOL DISTRICT, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE FINAL JUDGMENT AND MOTION FOR RECONSIDERATION<br><br><br>Case No. 2:09-CV-777 TS |

This matter is before the Court on Plaintiff Susan Catlin's Motion to Set Aside Final Judgment and Motion for Reconsideration. For the reasons discussed below, the Motions will be denied.

Plaintiff's Motions were filed within 28 days of the Court's Order dismissing this case, therefore the Court considers Plaintiff's Motions under Fed.R.Civ.P. 59(e).[1]

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005) ("[A] motion to reconsider filed within [twenty-eight] days after entry of judgment is considered a Fed.R.Civ.P. 59(e) motion."); *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703 (10th Cir. 1988) ("[R]egardless of how styled, a motion questioning the correctness of a judgment and timely

1

The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider under Rule 59(e): (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.[2] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

Plaintiff has not shown that the Court misapprehended the facts, a party's position, or the controlling law. Rather, Plaintiff simply revisits the arguments raised in the documents previously submitted to the Court. Therefore, the Court will deny Plaintiff's Motions.

It is therefore

ORDERED that Plaintiff's Motion to Set Aside Final Judgment (Docket No. 42) is DENIED. It is further

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 44) is DENIED. It is further

ORDERED that Plaintiff's Motion to Correct Cover Sheet (Docket No. 47) is DENIED AS MOOT.

---

made within [twenty-eight] days thereof will be treated under Rule 59(e).").

[2] *Servants of Paraclete*, 204 F.3d at 1012.

[3] *Id.* (citation omitted).

DATED   May 3, 2011.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge